T.C. Memo. 1997-347

UNITED STATES TAX COURT

RILWAN ADISA SALAMI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12740-96.                    Filed July 29, 1997.

Rilwan Adisa Salami, pro se.

Linda Grobe, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1992 and 1993 in the amounts of $3,857 and $1,877, respectively, and accuracy-related penalties pursuant to section 6662(a) in the amounts of $771 and $329, respectively.

The issues for decision are: (1) Whether petitioner had unreported Schedule C gross receipts in the amounts determined by respondent; (2) whether petitioner is entitled to Schedule C business expense deductions in excess of the amounts allowed by respondent; (3) whether petitioner's net earnings from self-employment are excludable from self-employment income because he is a nonresident alien; and (4) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois, on the date the petition was filed in this case.

Petitioner came to the United States in 1986. He formerly worked as a security guard in California. Petitioner moved to Chicago in January 1992 and began working as a taxicab driver.

Petitioner shared a friend's taxicab from January 1992 to April 1992. The friend allowed petitioner to drive his 1990 Chevrolet Caprice at night. From April 1992 to June 1992, petitioner drove a car that he leased from Yellow Cab Company. In July 1992, petitioner purchased his friend's 1990 Chevrolet Caprice, which he drove until December 28, 1992. From December

28, 1992, to October 12, 1993, petitioner drove a 1992 Chevrolet Caprice that he leased from Yellow Cab Company.

Petitioner was granted permanent resident alien status on September 25, 1996, by the U. S. Department of Justice Immigration and Naturalization Service.

The first issue for decision is whether petitioner had unreported Schedule C gross receipts in the amounts determined by respondent. Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

All taxpayers are required to maintain records sufficient to determine their correct tax liability. Sec. 6001. Such records must be retained by the taxpayer "so long as the contents thereof may become material in the administration of any internal revenue law." Sec. 1.6001-1(e), Income Tax Regs.

If a taxpayer keeps no records or it appears that records that are kept do not clearly reflect income, respondent may reconstruct income under a method which does clearly reflect income. Sec. 446(b). Once it is established that a reconstruction is necessary, respondent has great freedom in the method of reconstruction used. Catalano v. Commissioner, 81 T.C. 8, 13 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984).

Petitioner introduced a printout from a friend's taximeter that he contends shows his method of calculating his gross receipts. Petitioner, however, failed to present any like printouts from the taximeters of his own taxicabs. We find that petitioner failed to maintain adequate records of his gross receipts for 1992 and 1993.

Since petitioner failed to maintain records that clearly reflected his income, respondent's revenue agent, Tony Savage, reconstructed petitioner's gross receipts for 1992 and 1993 through a method called the "cab formula". Mr. Savage works in respondent's market specialization program that deals with the transportation industry (including taxicab drivers) and has used the cab formula on numerous occasions with other taxicab drivers.

As explained by Mr. Savage, the cab formula reconstructs income by taking into account the claimed gas expenses, price per gallon of gas, miles per gallon of the vehicle(s) used, occupancy rate of the vehicle, number of customers and trips per day, number of days worked per year, and amounts charged for both entry and per mile fares. Mr. Savage testified that he relied in part on petitioner's statements during the audit, but necessarily estimated some factors through the use of similar information from other taxicab drivers who, unlike petitioner, had provided him with records.

Mr. Savage testified that he used conservative numbers in reconstructing petitioner's gross receipts. In particular, he

did not take into account any tips, which would have increased the total gross receipts up to 15 percent. We have considered petitioner's miscellaneous objections to Mr. Savage's calculations and, after carefully reviewing the record, are convinced that the cab formula used by Mr. Savage clearly reflects petitioner's gross receipts for 1992 and 1993. We therefore sustain respondent's determinations of petitioner's unreported income.

The second issue for decision is whether petitioner is entitled to Schedule C business expense deductions in excess of the amounts allowed by respondent.

Petitioner claimed a deduction for car and truck expenses for 1992 in the amount of $16,200. In the statutory notice of deficiency, respondent disallowed $7,473 of the claimed expenses. Petitioner also claimed a deduction for repairs to his taxicab for 1993 in the amount of $3,055. Respondent disallowed $1,644 of the claimed repairs.

Respondent's explanations in the statutory notice of deficiency state that the amounts were disallowed because petitioner did not establish that any amounts over the allowed amounts were ordinary and necessary business expenses, and that the section 274 substantiation requirements had not been met.

Section 162(a) provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Deductions are strictly a

matter of legislative grace, and petitioner bears the burden of proving his entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner's burden includes the requirement that he substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 274(d)(4) provides that no deduction shall be allowed with respect to any listed property, defined in section 280F(d)(4)(A) to include passenger automobiles, unless the taxpayer meets strict substantiation rules. However, section 280F(d)(5)(B) provides that the term "passenger automobile" does not include any vehicle used by the taxpayer directly in the trade or business of transporting persons or property for compensation or hire. Since petitioner's claimed deductions are for his use of passenger automobiles as taxicabs, section 274(d)(4) is not applicable in this case.

Notwithstanding the nonapplicability of section 274(d)(4), petitioner failed to present any records that show that he is entitled to business expense deductions with respect to his taxicabs in excess of the amounts allowed by respondent. The only receipts provided by petitioner are for repairs made to his taxicab during 1993. Such receipts are partially illegible and do not exceed the amount allowed by respondent. Petitioner has failed to meet his burden of proof on this issue. Rule 142(a).

We hold that petitioner is not entitled to business expense deductions in excess of the amounts allowed by respondent.

The third issue for decision is whether petitioner's net earnings from self-employment are excludable from self-employment income because he was a nonresident alien.

Section 1401(a) imposes a tax on self-employment income for old-age, survivors, and disability insurance. An additional tax for hospital insurance is imposed on self-employment income pursuant to section 1401(b). Self-employment income is defined as the net earnings from self-employment derived by an individual, other than a nonresident alien individual, during any taxable year. Sec. 1402(b). The phrase "net earnings from self-employment" is in turn defined as gross income derived by an individual from any trade or business carried on by such individual, less any attributable deductions. Sec. 1402(a).

Petitioner argues that he is not liable for the section 1401(a) and (b) taxes on self-employment income because he was a nonresident alien during 1992 and 1993.

A nonresident alien never has self-employment income. Sec. 1.1402(b)-1(d), Income Tax Regs. While a nonresident alien who derives income from a trade or business carried on within the United States may be subject to the applicable income tax provisions on such income, such nonresident alien will not be subject to the taxes on self-employment income, since any

earnings which he may have from self-employment do not constitute self-employment income.  Id.

Section 7701(b) and the regulations thereunder provide rules for determining whether an alien individual is a resident of the United States.  Preece v. Commissioner, 95 T.C. 594, 601-602 (1990).  An individual is a nonresident alien if such individual is neither a citizen of the United States nor a resident of the United States.  Sec. 7701(b)(1)(B).  An alien individual is treated as a resident of the United States with respect to any calendar year if such individual:  (1) Is a lawful permanent resident of the United States at any time during such calendar year (green card test); (2) meets a substantial presence test; or (3) makes an election to be treated as a resident of the United States.  Sec. 7701(b)(1)(A).  There is no evidence that petitioner was a lawful permanent resident of the United States at any time prior to September 25, 1996, or that he made an election to be treated as a resident in accordance with the procedures set forth in section 301.7701(b)-4(c)(3)(v), Proced. & Admin. Regs.  Therefore, petitioner will be treated as a resident alien only if he meets the substantial presence test provided in section 7701(b)(3).

An individual generally satisfies the substantial presence test with respect to any calendar year if such individual was present in the United States for at least 31 days during that calendar year and for at least 183 days during a 3-year period

that includes the calendar year.  Sec. 7701(b)(3)(A); sec. 301.7701(b)-1(c)(1), Proced. & Admin. Regs.  An individual is treated as present in the United States on any day that such individual is physically present in the United States at any time during such day.  Sec. 7701(b)(7)(A).

The record shows that petitioner was physically present in the United States, working as a taxicab driver in Chicago, for more than 183 days during 1992 and 1993.  In fact, petitioner offered no evidence that he was physically absent from the United States at anytime after his arrival in 1986.  Moreover, petitioner never revealed what foreign country he claims as his place of residency.  We find that petitioner satisfies the section 7701(b)(3) substantial presence test and therefore must be treated as a United States resident for 1992 and 1993.  We hold that petitioner's net earnings from self-employment constitute self-employment income.  Accordingly, petitioner is liable for the self-employment taxes as determined by respondent.

The fourth issue for decision is whether petitioner is liable for the section 6662(a) accuracy-related penalty for negligence.  Respondent's determination of negligence is presumed to be correct, and petitioner bears the burden of proving that the penalty does not apply.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a) for his underpayment of taxes, and that such underpayment was due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner testified that he prepared his own returns for 1992 and 1993.  He failed, however, to maintain adequate records to substantiate the amounts claimed on his return.  Based on the record, we hold that petitioner has not proved that his underpayment was due to reasonable cause or that he acted in good faith.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.